## Peoples First National Bank & Trust Co. v. Hume

*Patterson, Crawford, Arensberg & Dunn,* for plaintiff.

*Margiotti & Casey,* for defendant.

OLBUM, J., August 30, 1968.—Plaintiff filed a petition under the Deficiency Judgments Act of July 16, 1941, P. L. 400, 12 PS §2621.1, et seq., to fix the fair market value of real estate of defendants Hume which was sold by the sheriff on execution issued by plaintiff, and purchased at said sale by plaintiff for the sum of $406.18, the costs of the sale. Plaintiff subsequently sold the realty to third parties for $15,250.

The amount of the judgment confessed on the note was $2,083.78, which included an attorney's commission of $188.86, as authorized in the warrant of attorney.

Plaintiff's petition fails to contain a statement of the fair market value of the property, as the act requires. The petition simply seeks to have the fair

market value fixed at $1,278.11, which is the net amount plaintiff claims ultimately to have realized on its judgment. This would leave defendants liable in the amount of $805.67, the difference between the amount of plaintiff's judgment and the net amount it realized.

Kekich, the guarantor of the Hume note, appeared and answered the petition, as the act permits, averring only that the fair market value of the property was $15,250. He did not deny or question the correctness of the figures contained in the petition relating to the distribution of the proceeds of the resale of the property. No hearing was held, the parties having agreed to submit the matter to the court on briefs. Since both parties have, in effect, agreed that the fair market value of the property was $15,250, the consideration in the resale by plaintiff, the dispute involves only the validity of certain charges claimed by plaintiff to be assessable against the proceeds of its resale of defendants' realty, and thus to be considered in a determination of the net amount still due plaintiff. It is agreed by the parties that the debtors and the guarantor ought to be released from personal liability to plaintiff "to the extent of the fair market value as averred in the answer, less the amount of any prior liens, costs, taxes and municipal claims . . . paid at distribution on the [Sheriff's] sale," in accordance with the intent of the Deficiency Judgments Act. See 12 PS §2621.6.

Plaintiff contends that it is entitled to credit against the gross sale price of $15,250 for the following expenditures:

| | |
|---|---:|
| Record costs of the execution . . . . . $ | 406.18 |
| Payment of prior mortgage . . . . . . . | 12,793.66 |
| Realty transfer stamps for deed from Sheriff . . . . . . . . . . . . . . . . . . . . . | 260.31 |
| Realty transfer stamps in connection with the resale by plaintiff . . . . . . | 61.74 |
| Attorney's fee in connection with the | |

sale, acquisition and resale . . . . .        450.00

Total . . . . . . . . . . . . . . . . .  $13,971.89

Plaintiff, therefore, contends that defendants remain liable for the sum of $805.67, being the difference between the amount of its judgment, namely, $2,083.78, and the amount of $1,278.11, which plaintiff claims is the net amount it realized in the transaction.

The guarantor contends that the realty transfer taxes in the total amount of $322.05 and the attorney's fee of $450 are neither "costs" nor "taxes" within the meaning of the act and, therefore, cannot be deducted from the sale price. He argues, therefore, in effect, that he is not liable for more than $33.62.

With respect to the realty transfer taxes, we are of the opinion that such taxes in connection with the deed from the sheriff to plaintiff ought to be recognized, but not the transfer taxes in connection with the resale by plaintiff. The latter taxes certainly were not "paid at distribution on the sale," and, therefore, cannot be considered as relating to the sale by the sheriff on the execution. While there is merit to counsel's argument that the transfer taxes on the sheriff's deed are not "prior taxes" within the Deficiency Judgments Act, we choose to follow what we regard as a rational conclusion of the court in Olney Federal Savings and Loan Association v. Fishman, 16 D. & C. 2d 273, in which the court said, at 278:

"The legislature has not provided for these costs to be included in the original judgment. To construe the legislation, however, in a way which would penalize the party obtaining the deficiency judgment by refusing to permit that person to collect necessary costs incurred in obtaining clear title from the sheriff would in effect reward the defaulting mortgagor and punish the mortgagee who has abided by its agreement."

We fail to perceive any meaningful distinction between Olney, supra, where petitioner was a mortgagee, and the instant case, in which petitioner is a judgment creditor.

Plaintiff cites no authority for the inclusion as "costs" of an attorney's fee of $450 "in connection with the sale, acquisition and resale of the real estate." The warrant of attorney contained a provision for an attorney's commission of 10 percent, which item, in the sum of $188.86, was included in the confessed judgment and, therefore, by agreement was properly a part of the judgment debt. However, in the absence of any future agreement or of any statutory allowance, counsel fees cannot be considered as costs chargeable to the adverse party: Corace v. Balint, 418 Pa. 262; 9 P. L. Encyc., Costs, §22, p. 436.

Accordingly, there must be deducted from plaintiff's claimed charges of $13,971.89 the sum of $61.74, being the transfer taxes on the resale of the property, and the sum of $450 for counsel fees, a total of $511.74. This leaves total charges of $13,460.15, representing "prior liens, costs and taxes" within the meaning of the act. That amount deducted from the resale price of $15,250 gives a net proceed to plaintiff of $1,789.85, which, deducted from its judgment of $2,083.78, leaves a deficiency of $293.93, for which sum defendants and guarantor remain liable. In order to avoid multiplicity of actions, we shall follow the procedure employed in Olney, supra, and shall enter judgment in favor of plaintiff in the sum of $293.93.

### ORDER

Now, August 30, 1968, in accordance with the foregoing opinion, the parties having agreed that the fair market value of the property more fully described in the petition is $15,250, judgment is hereby entered against David M. Hume and Flora A. Hume, his wife, and Paul G. Kekich, guarantor, in the sum of $293.93.